**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TAYLOR NEWMAN CABINETRY, INC. and ALLSTAR LIGHTING & SOUND, INC.,**

        **Plaintiffs,**

**-vs-**                                    **Case No. 6:10-cv-1445-Orl-22DAB**

**CLASSIC SOFT TRIM, INC. and DANIEL VALENCIA,**

        **Defendants.**

_____

**ORDER**

This cause comes before the Court for consideration of U.S. Magistrate Judge David A. Baker's Report and Recommendation (Doc. No. 24), filed on November 3, 2010; Defendants' Objections to, and Appeal From, November 3, 2010 Report and Recommendation (Doc. No. 25), filed on November 16, 2010; and Plaintiffs' Response to Defendants' Objections Regarding the Report and Recommendation Which Grants Plaintiffs' Motion for Remand (Doc. No. 26), filed on November 17, 2010.

**I. BACKGROUND**

The Court hereby adopts Judge Baker's statement of facts as provided in the Report and Recommendation, which states:

> Plaintiffs Taylor Newman Cabinetry, Inc., and Allstar Lighting & Sound sued Defendants, Classic Soft Trim, Inc., ("CST") and the CST operations manager, Daniel Valencia, for negligence

> arising out of a fire at one of the work stations set up in the adjacent CST warehouse space on August 23, 2009, and filed suit in state court on April 9, 2010. Doc. 2. Approximately six months later, on September 29, 2010, Defendants filed a Notice of Removal, on the basis of putative diversity jurisdiction and alleging fraudulent joinder of Daniel Valencia, following his testimony at his deposition that his conduct was not responsible for the fire. Plaintiffs filed a Motion to Remand on October 4, 2010 and the Court entered an Order to Show Cause to Defendants why the case should not be remanded on October 5, 2010; both identified issues with the diversity jurisdiction alleged as the basis of Defendants' removal of the case. Doc. 9, 11. Defendants filed their responses to the Motion and the Order on October 13, 2010 (Docs. 13, 14), and the matter is ripe for decision.

In his Report and Recommendation, Judge Baker found that the Florida-resident, Daniel Valencia, was not fraudulently joined as a Defendant, and, therefore, that diversity jurisdiction does not exist. (Doc. No. 24 at 2.) Accordingly, Judge Baker has submitted a report recommending that Plaintiffs' Motion to Remand be granted, that the case be remanded to the state court from which it was improvidently removed, and that Plaintiffs be awarded fees for Defendants' improvident removal of the case. *Id.*

## II. STANDARD OF REVIEW

When a party objects to the magistrate's findings, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Veteto*, 701 F.2d 136, 140 (11th Cir. 1983) (indicating that although the court must make a de novo determination, a de novo hearing is not required). A de novo determination requires the district judge to consider factual issues on the record independent of the magistrate judge's R&R. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th

Cir. 1990). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1).

### III. ANALYSIS

After an independent *de novo* review of the record in this matter, including the objections filed by Defendants, and Plaintiffs' response to said objections, the Court agrees entirely with the findings of fact and conclusions of law in Judge Baker's Report and Recommendation.

As to their first objection, Defendants argue that Judge Baker's Report and Recommendation demonstrates a fundamental misunderstanding of the law and provides an inapposite analysis of law as applied to a motion to remand. (Doc. No. 25 at 1-2.) The Court disagrees. After a de novo review of case law cited by Judge Baker, the Court determines that Judge Baker's analysis is correct. The Court finds Defendants' further arguments as to this objection do not warrant additional discussion, as the Report and Recommendation addresses those arguments in a well-reasoned and a thorough manner.

As to their second objection, Defendants assert that the Report and Recommendation disregarded that Defendants' evidence showing fraudulent joinder remains unrebutted. (Doc. No. 25 at 4.) The Court finds this argument unpersuasive. As cited in Judge Baker's Report and Recommendation, ". . . if there is doubt whether the allegations with respect to the resident defendant are false, as when that question depends upon the credibility of witnesses and the weight of evidence, the joinder is not to be held fraudulent." (Doc. No. 24 at 14.) (quoting *Leonard v. St. Joseph Lead Co.*, 75 F.2d 390, 394-95 (8th Cir. 1935)). Because the factual allegations in Plaintiffs' complaint must be evaluated in the light most favorable to Plaintiffs, the fact that Plaintiffs did not submit evidence rebutting Defendants' deposition does not

affect Judge Baker's determination that joinder in this case was not fraudulent, as explained in the Report and Recommendation.

As to their third objection, Defendants allege the Report and Recommendation failed to address and consider the arguments in Defendants' Motion to Compel and Motion for Final Summary Judgment filed in state court that were based on Plaintiffs' failure to produce discovery and evidence of a prima facie case. (Doc. No. 25 at 5.) The Court finds this argument unpersuasive, as well. As stated in Judge Baker's Report and Recommendation, "when considering a motion to remand where a defendant has raised the issue of fraudulent joinder, 'the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims.'" (Doc. No. 24 at 8) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997)). The Court need only determine that there is a possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint. When the Court does so, it cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id*. (citing *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007) (internal citations omitted)). Plaintiffs' complaint meets this liberal standard.

The Court similarly finds the following Defendants' objections to be unpersuasive: (1) objection to the Report and Recommendation's failure to recognize the only admissible evidence before the Court was Defendants' evidence establishing that the alleged fire incident was an impossibility and that Plaintiffs have no evidence of causation; (2) objection to the Report and Recommendation's failure to address and consider the affidavit of Jay D. O'Sullivan; and (3) objection to the Report and Recommendation's finding that Plaintiffs have

merely participated in discovery and, thus, have not waived their right to object to untimely removal.[1]  (Doc. No. 25 at 6-7.)   The Court finds it would be a waste of judicial resources to reiterate here the well-reasoned analysis conducted by Judge Baker.  In short, the Court overrules the above-stated objections and adopts Judge Baker's analysis and conclusions.

Furthermore, Defendants argue that it would be an abuse of discretion to adopt the Report and Recommendation, as it is based on clearly erroneous facts, and to award attorney's fees.  (Doc. No. 25 at 9.)  As previously stated herein, the Court has conducted a *de novo* review of Judge Baker's submitted report; this Court concludes that the Report and Recommendation is not based on clearly erroneous facts, as Judge Baker applied the correct legal analysis to the facts at hand.   Accordingly, it is not an abuse of discretion for this Court to adopt this Report and Recommendation, or to award attorney's fees.

Lastly, Defendants object to Judge Baker's finding that Plaintiffs are entitled to recover attorney's fees in the amount of $2,500.00.  (Doc. No. 25 at 10.)  The objection is overruled.  In his report, Judge Baker clearly stated that the figure was "selected as a fair

---

[1] It should be noted that Defendants filed their Notice of Removal more than five months after the complaint was initially filed in state court, basing their removal on a deposition of one of the defendants.  As such, the removal was made under the second paragraph of 28 U.S.C. § 1446(b).  Pursuant to the second paragraph of § 1446(b), for a case to be removable, "there must be: (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and (3) from which the defendant can 'first ascertain' that federal jurisdiction exists."  *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215, n.63 (11th Cir. 2007).  Because Defendants' basis for removal does not appear to be an *amended pleading, motion, order or other paper received from the plaintiff*, as contemplated by the Eleventh Circuit, Defendants' removal appears improper pursuant to the second paragraph of § 1446(b), and alternatively untimely under the first paragraph of § 1446(b).  Under the first paragraph of § 1446(b), for a case to be removable, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ."  28 U.S.C. § 1446(b).

measure of recompense to avoid the need for further submissions by the parties to establish a more precise amount, the cost of which would likely exceed any benefit to be achieved." (Doc. No. 24, n.8.) Although Plaintiffs contend the attorney's fees associated with Defendants' Notice of Removal exceed the $2,500.00 amount, Plaintiffs were ready to accept this recommendation because they agreed with Judge Baker's cost-benefit analysis. (Doc. No. 26 ¶ 13.) Now, Plaintiffs contend the amount would not be sufficient to compensate them for the additional time and expense incurred in responding to Defendants' objections. (*Id.* at ¶ 14.) After considering the parties' submissions on this issue, the Court finds the amount recommended by Judge Baker is sufficient to compensate Plaintiffs for their time and expenses incurred in attacking Defendants' improper removal to federal court. Defendants' objection is overruled, because: (1) there was no objectively reasonable basis upon which Defendants could base their removal; (2) none of Defendants' objections to the Report and Recommendation had any plausible basis; (3) Defendants' Motion to Strike (Doc. No. 27) Plaintiffs' Response to Defendants' Objections appeared to be a disguised impermissible reply to Plaintiffs' response (Doc. No. 26), filed in complete disregard of the Local Rules of this Court; and (4) the $2,500.00 figure is reasonable. Accordingly, Judge Baker's recommendation to award attorney's fees in the amount of $2,500.00 will be adopted.

## IV. CONCLUSION

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation filed November 3, 2010 (Doc. No. 24), is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2.	Defendants' Objections to, and Appeal From, November 3, 2010 Report and Recommendation (Doc. No. 25) are **OVERRULED**.

3.	Plaintiffs' Motion to Remand and Motion for Attorney's Fees (Doc. No. 9) is **GRANTED**.  This case is remanded to the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida (Case No. 10-CA-2685-11-L).  The Clerk is also directed to forward a certified copy of this Order to that court.

4.	On or before December 24, 2010, Defendants shall pay to Plaintiffs attorney's fees in the amount of $2,500.00.  The Court reserves jurisdiction to enforce this award.

5.	The Clerk is directed to terminate from the federal docket all pending motions.

6.	The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on November 29, 2010.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party
Clerk of Court, Circuit Court of
the Eighteenth Judicial Circuit
in and for Seminole County, FL