**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**TAYLOR NEWMAN CABINETRY, INC.
and ALLSTAR LIGHTING & SOUND,
INC.,**

          **Plaintiffs,**

**-vs-**                                          **Case No. 6:10-cv-1445-Orl-22DAB**

**CLASSIC SOFT TRIM, INC. and DANIEL
VALENCIA,**

          **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' RENEWED MOTION FOR SUPPLEMENTAL AWARD OF ATTORNEYS' FEES (Doc. No. 34)**
>
> **FILED:** August 31, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

      Plaintiffs prevailed on appeal in the Eleventh Circuit when that court affirmed remand of the matter to state court, after Defendant Classic Soft Trim, Inc.'s improvident removal[1]. The district court previously awarded $2,500 in attorney's fees, which the Eleventh Circuit affirmed, but that court did not order any additional fees. Doc. 32.

---

[1] The Court presumes the parties' familiarity with the facts of the removal and remand, as addressed in the Report and Recommendation and Order concerning remand. Docs. 24, 29.

Plaintiffs initially sought a supplemental award of attorneys' fees under 28 U.S.C. § 1447(c) "to account for the significant amount of additional time they were forced to incur litigation in federal court in the weeks and months after Judge Baker's initial Report & Recommendation [of November 3, 2010]," *i.e.*, 95 additional hours on litigation activities related to the improvident removal. Doc. 33. At the time, the matter was before the Eleventh Circuit and this Court was without jurisdiction to decide the issue; the Motion was denied without prejudice.

On July 1, 2011, Plaintiffs filed a Motion with the Eleventh Circuit "asking it to transfer consideration of attorneys' fees back to this [district] court." Docs. 33, 33-4. At that time, jurisdiction was with the Eleventh Circuit on the issue of additional fees, if any, to be awarded. On the same day, Plaintiffs filed a Motion in the Eleventh Circuit seeking to have their motion for additional attorney's fees transferred back to this Court for ruling, which the Eleventh Circuit granted on August 24, 2011. Doc. 36.

On August 31, 2011, Plaintiffs filed their Renewed Motion for Attorney's Fees in this Court renewing their request for a supplemental award of attorneys' fees. Doc. 37. Plaintiffs argue that they are entitled to a supplemental fee "to account for the significant amount of additional time they were forced to incur litigating in federal court in the weeks and months after" the Report and Recommendation was issued. Doc. 37 at 7. They argue that allowing only the original $2,500 fee to stand would not deter future litigants from improper removals and prolonged litigation, issues Congress wished to deter by allowing the imposition of fees for removals that are not "objectively reasonable." Doc. 37 at 8 (citing *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (the "objectively reasonable" standard enunciated by the Supreme Court in *Franklin Capital* was intended to balance "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford

defendants a right to remove as a general matter, when the statutory criteria are satisfied."). The Eleventh Circuit has already determined that Defendants' removal of the case was not objectively reasonable, and Plaintiffs did not appeal the $2,500 fee awarded for work done in the district court prior to the appeal, and that is the law of the case[2].

The only issues then are whether the Court has authority to award, and whether Plaintiffs are entitled, to a "supplemental" or "amended" award for the "costs including attorney's fees" expended after the work performed in the district court (November 29, 2010), including the attorney's fees incurred on the appeal. Plaintiffs argue that they have incurred a significant amount of additional time reviewing, researching, analyzing, responding to, and otherwise participating in activities "that are a direct and proximate result of [Defendants']s attempted removal." Doc. 37 at 14. The activities included responding to: Defendants' objections to the Report and Recommendation (Doc. 25); Defendants' Motion to Strike Plaintiffs' Response to Defendants' Objections Regarding the Report & Recommendation (Doc. No. 27); Defendants' Motion to Strike Plaintiffs' Response to Defendants' Objections to the Report and Recommendation (Doc. 27); Defendants' FRAP 27(a)(I) Motion for Stay Pending Appeal filed with the Eleventh Circuit Court of Appeal on or about January 3, 2011; Defendants' Initial Brief filed with the Eleventh Circuit Court of Appeals; Defendants' Motion to Remove Case from Trial Docket in the state court proceeding; and participating in the appellate mediation conference, ordered by the Eleventh Circuit Court of Appeal (which reached an impasse). Doc. 37 at 14.

---

[2]Because the Eleventh Circuit has already determined that Defendants' removal was not objectively reasonable, the Court need not consider Defendants' fourteen pages of extensive argument going to "what Plaintiffs have always had under their control to admit in this court" – "that the basis upon which Defendants removed this matter to federal court, that Valencia was a straw man and not a proper defendant, was objectively reasonable" – based on certain experts' opinions expressed at their depositions. Doc. 40 at 1-15. The Eleventh Circuit has affirmed Defendants' lack of objective reasonableness at the time they removed the case, which entitles Plaintiffs to fees. This Court is bound by that determination.

*Standard of Review*

Section 1447(c) provides in part that "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Section 1447(c) is a fee-shifting statute. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 133, 126 S.Ct. 704, 707 (2005). As the Supreme Court explained in *Martin*:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Id*. at 711.

The Seventh Circuit has held that the overarching principle in fee-shifting statutes such as § 1447(c) is that "the victor should recoup his full outlay." *Wisconsin v. Hotline Industries, Inc.,* 236 F.3d 363, 367 (7th Cir. 2000). "The rationale of fee-shifting rules is that the victor should be made whole–should be as well off as if the opponent had respected his legal rights in the first place; [i]mproper removal prolongs litigation (and jacks up fees)." *Id.* Under the American Rule parties bear their expenses in one court system, 'but when their adversary wrongfully drags them into a second judicial system the loser must expect to cover the incremental costs.'" *Id*. at 367-68; *Huffman v. Saul Holdings Ltd. Partnership*, 262 F.3d 1128, 1132 (10th Cir. 2001) (holding that the district court had discretion to award fees and costs under § 1447(c) for appeal work, provided a higher court had not limited the exercise of that discretion through a decision); S*tallworth* v. *Greater Cleveland Regional Transit Authority,* 105 F.3d 252, 256-57 (6th Cir. 1997) (noting that "there is nothing in [§ l447(c)] to suggest that there cannot be a supplemental or amended order" regarding attorneys' fees separate

from the remand order); *Gardner v. Allstate Indem. Co.*, 147 F. Supp.2d 1257 (M.D. Ala. 2001) (holding that, in addition to fees incurred by the plaintiff in challenging the removal itself, the defendant would also be responsible for those fees incurred by the plaintiff litigating the right to recover fees under the statute). In *Mints v. Educational Testing Service*, the Third Circuit held that it was possible for the district court to award attorneys' fees by an order independent of the remand order and § 1447(c)'s "may require payment" language was not meant to limit a federal court to making such an award simultaneously with the remand order, but is the statutory foundation for the discretionary power of a district court to grant an award of costs and fees. 99 F.3d 1253 (3d Cir. 1996). Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Jurisdiction and Related Matters § 3739.

1. *Fees for work on state court matters*

Plaintiffs seek fees incurred in responding to Defendants' Motion to Remove Case from Trial Docket, for work performed related to the state court proceeding. This Court is without jurisdiction to award fees for work performed in a separate judicial system, and Plaintiffs do not cite any authority to the contrary.

2. *Fees for work in the district court after removal of the case, before the appeal*

Plaintiffs seek fees for responding to Defendants' filings in the District Court, filed after the Report and Recommendation (Doc. 24) recommending remand, but before the Order of Remand issued: Defendants' objections to the Report and Recommendation (Doc. 25); Defendants' Motion to Strike Plaintiffs' Response to Defendants' Objections Regarding the Report & Recommendation (Doc. 27). This Court, as part of the Report and Recommendation, recommended an award of $2,500 for fees incurred as a result of the removal. Doc. 24 at 18. Plaintiffs did not file an objection to the fee portion of the R&R and did not seek "supplemental" fees or an amended fee amount before Judge

Conway adopted the R&R on November 29, 2012. Doc. 29. The case was remanded to the state court on November 29, 2010. Doc. 29.

Defendants filed a Notice of Appeal on December 21, 2011, challenging the order of remand and the award of fees. Doc. 30. On March 15, 2012, the Eleventh Circuit dismissed the portion of the appeal challenging the remand order, finding that it was without jurisdiction to review the remand decision, but that it had jurisdiction to review the fee award. *See* Doc. 37-5.

On May 31, 2011, the Eleventh Circuit held that Plaintiffs were entitled to attorneys' fees at the time the case was remanded to state court; the decision issued as mandate on June 29, 2011. Doc. 32. The Eleventh Circuit noted in a footnote:

> Indeed, Plaintiffs, recognizing that the fee amount to be calculated upon remand would now far exceed $2,500.00, explain that they "do not oppose [Defendants'] request that the district court reconsider the amount of fees that should be awarded, after each party has an opportunity to submit affidavits or other evidence on this issue." But the question of whether the fee award is too low is not before this Court because Plaintiffs have not cross-appealed the amount of the award. *See Aerospace Servs. Intern. v. LPA Group. Inc*., 57 F.3d 1002, 1004 n.3 (11th Cir. 1995).

Doc. 32 at 15.

The issue of the amount of fees in the District Court was therefore final and any objection as to the amount of fees for work performed in the district court prior to the appeal cannot now be revisited by calling such fees "supplemental." The cases Plaintiffs cite in support are inapposite because those cases dealt with the jurisdiction of the district court to award fees around the time of the remand from district court to the state court. *See, e.g.,* S*tallworth* v. *Greater Cleveland Regional Transit Authority,* 105 F.3d 252, 256-57 (6th Cir. 1997) (noting that "there is nothing in [28 U.S.C. § l447(c)] to suggest that there cannot be a supplemental or amended order" regarding attorneys' fees separate from the remand order). Here, the district court did award fees and the Defendants appealed the award; Plaintiffs did not appeal the amount of the award for work in the district court. The Court

does not retain jurisdiction to award supplemental fees indefinitely *after* the appeal has been filed[3]. Plaintiffs had the opportunity to challenge the amount awarded in the district court and did not; the Eleventh Circuit recognized that no cross-appeal as to the amount of fees had been filed. The propriety of the $2,500 fee award for work in the district court is now the law of the case, and this Court cannot revisit the issue of fees for work in the district court (prior to the appeal).

3. *Fees for work in the appellate court*

Plaintiffs seek to recover their attorney's fees for time incurred in responding to Defendants' Motions in the Court of Appeals – FRAP 27(a)(I) Motion for Stay Pending Appeal, which the Eleventh Circuit Court of Appeals construed as a motion to enjoin the remanded state proceedings[4] (filed on January 3, 2011); Responding to Defendants' Initial Brief filed with the Eleventh Circuit Court of Appeals – and for time spent participating in the appellate mediation conference, ordered by the Eleventh Circuit Court of Appeal, which reached an impasse.

On July 1, 2011, Plaintiffs filed their Motion for Supplemental Award of Attorneys' Fees (Doc. 33) simultaneously in this Court and their Motion to Transfer Consideration of Attorneys' Fees on Appeal to the District Court in the Eleventh Circuit. Doc. 36. This Court denied without prejudice the Motion for Supplement Fees because it was without jurisdiction while Plaintiffs' parallel motion was pending in the Eleventh Circuit. Doc. 36. On August 26, 2012, the Eleventh Circuit granted Plaintiffs' Motion to Transfer Consideration of Attorneys' Fees on Appeal to the District Court, citing 11th Cir. R. 39-2(d). Under Rule 39-2, "an application for attorneys' fees must be filed with the clerk within 14 days after the time to file a petition for rehearing or rehearing en banc expires, or

---

[3]The district court has jurisdiction to decide appellate fees only if the matter is transferred by the appellate court as discussed below.

[4]*See* Doc. 37-5 at 2.

within 14 days after entry of an order disposing of a timely petition for rehearing or denying a timely petition for rehearing en banc, whichever is later." 11th Cir. R. 39-2(a). Eleventh Circuit Rule 39-2(d) further provides that "Any party who is or may be eligible for attorneys' fees on appeal may, within the time for filing an application provided by this rule, file a motion to transfer consideration of attorneys' fees on appeal to the district court . . . from which the appeal was taken." To the extent Plaintiff seeks fees as the prevailing party for work performed on the appeal to the Eleventh Circuit, Plaintiffs' request for fees was timely, and it was transferred under Rule 39-2 to this Court to decide the amount.

Defendants argue that because Plaintiffs' Motion for Sanctions was denied by the Eleventh Circuit, Plaintiffs are not entitled to fees for prevailing in the appeal. The court's denial of the much higher "bad faith" standard required to prevail on a Rule 11 motion does not preclude a party from recovering for improvident removal under the "objectively reasonable" standard; this is not a basis for denying Plaintiffs their fees under § 1447(c). Defendants also argue that there are no cases awarding appellate fees for work done defending the appeal of a fee awarded under § 1447(c). Such cases are a true rarity, in the appellate courts lack jurisdiction to hear the direct appeal of a remand order, and most resulting fee awards would be similar to the one in this case – for a small number of hours, not worth appealing from a cost-benefit perspective. Thus, a post-appeal fee awards under § 1447(c) is extremely unusual. Defendants' other arguments – that the Eleventh Circuit's mandate was silent on fees, or that Plaintiffs never briefed the issue of attorney's fees in the Court of Appeals – are equally unavailing in that the Eleventh Circuit transferred Plaintiffs' request for appeal-related fees to this Court to decide.

4. *Calculation of Fees*

Plaintiffs seek a total award of fees to recover for 96.9 hours of attorney time, at $350 per hour,

-8-

and for 3.2 hours paralegal time at $85 per hour. Doc. 33 at 11; Doc. 37 at 14. Plaintiffs have submitted the affidavit of their attorney, Steven R. Main, in support of their request. Doc. 34.

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate" to determine the lodestar amount. *Loranger v. Stierheim,* 10 F.3d. 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Florida Patients Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985) (adopting the federal lodestar approach for computing reasonable attorney's fees).

It is presumed that most or all of the following factors are subsumed in the calculation of the lodestar:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Norman*, 836 F.2d 1292 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)). The going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama,* 911 F.2d 604, 610 (11th Cir. 1990). With respect to rates, an applicant may meet his burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman,* 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the

value of an attorney's services. *Id.* at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

As the Court explained in detail above, Plaintiffs are only entitled to recover their attorney's fees for the time spent working on the appeal, which was filed on December 21, 2010 (*see* Doc. 30), and not for time spent on state court matters. The Court has culled the time entries submitted – for time entries between September 29, 2010 and June 23, 2011– and deducts 34.2 hours for time incurred in the district court before Defendants filed their Notice of appeal on December 21, 2010. *See* Doc. 34 at 7-9. The Court also deducts 1.9 hours of time spent from January 19, 2011 to February 4, 2011 spent responding to Defendants' efforts to stay the case in state court. Doc. 34 at 12.

Mr. Main, a partner and shareholder in the law firm of Hill, Rugh, Keller & Main, has been practicing in the state of Florida since 1998, or for approximately 14 years, specializing in insurance and commercial litigation. His firm customarily charges $300 to $350 per hour for partner-level work. Doc. 34 ¶ 4. The Court has previously awarded reasonable hourly rates in this Court for work accomplished by Orlando attorneys of comparable experience in business litigation matters of $325 per hour for counsel with 35 years of experience, $200 per hour for senior associate work, and $100 per hour for paralegal or law clerk[5]. *See Optowave v. Nikitin,* Case No. 05-cv-1083-22DAB (November 2008); *Securities and Exchange Commission v. Digges*, Case No. 6:06-cv-137-Orl-31DAB (awarding receiver and senior litigator compensation at $325-300/hour, senior associate rate of $175/hour, and paralegal rate of $90-95/hour); *Corwin v. Walt Disney World Co.*, Case No. 6:05-cv-1083-Orl-19DAB (awarding twenty-three year attorney rate of $300/hour, senior associate $200/hour, and paralegals/summer associates a rate of $90/hour); *see also Selby v. Christian Nicholas & Assoc., Inc.*, 2010 WL 745748 (M.D. Fla. Feb. 26, 2010) (awarding attorney rate of $200.00 per

---

[5]The suggestion by Defendants' counsel that a rate of $125 is more appropriate for a 14 year lawyer is ridiculously low. Doc. 40 at 16. The Court on occasion has awarded very experienced paralegals hourly rates in that range.

hour and paralegal rate of $95.00 per hour for a routine Fair Debt Collection Practices Act case in the Middle District of Florida). The paralegal rate of $85 per hour for 3.2 hours work performed is reasonable.

The applicable revisions to the hourly rate and the number of hours is set forth in the chart below.

*Lodestar Summary*

| Attorney | Requested Rate | Requested Hours | Requested Total | Allowed Rate | Allowed Hours | Allowed Total |
|---|---|---|---|---|---|---|
| Main | $ 350 | 96.9 | $ 33,915 | $ 275 | 60.8 | $16,720.00 |
| Paralegal | $ 85 | 3.2 | $ 272 | $ 85 | 3.2 | $ 272.00 |
| Total | | | | | | $16,992.00 |

Accordingly, it is respectfully **RECOMMENDED** that the Renewed Motion for Supplemental Fees be **GRANTED in part** for the amount of $16,992.00.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 13, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy